918 F.2d 188
 37 Cont.Cas.Fed. (CCH) 76,062
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FREEMAN GENERAL, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 90-1025.
 United States Court of Appeals, Federal Circuit.
 Oct. 31, 1990.
 
 Before NIES, Chief Judge, and SKELTON and BENNETT, Senior Circuit Judges.
 NIES, Chief Judge.
 
 
 1
 Freeman General, Inc. (FGI) appeals from the final decision of the Armed Services Board of Contract Appeals (ASBCA No. 34611), which held that although FGI established its entitlement to an equitable adjustment because it encountered a differing site condition which increased the cost of performing the required work, FGI had failed to prove damages. We vacate and remand with instructions to award FGI an adjustment in an amount up to $78,343.00.
 
 Analysis
 
 2
 The board is correct that FGI failed to prove any specific amount of damages and is not entitled to retry its case. Apparently the company does not have the necessary records to establish the difference between what it cost to do the work and what it would have cost to perform the work had the differing condition not been encountered.
 
 
 3
 On the other hand, the government estimated the claim for the extra work at $78,343. The board erred in refusing to consider this evidence which appears in documents of record. We conclude that this evidence is sufficient to support an award up to this amount under a "jury verdict" theory of arriving at a fair approximation of the damages. See S.W. Electronics & Mfg. Corp. v. United States, 655 F.2d 1078, 1088-89 (Ct.Cl.1981); Dawco Constr., Inc. v. United States, 18 Cl.Ct. 682, 698 (1989).
 
 Costs
 
 4
 Each party shall bear its own costs and attorney fees.